IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TIMOTHY JEROME RUSSELL,          )
#11530-002,                      )
                                 )
        Petitioner,              )
                                 )
v.                               )          CASE NO. 2:23-cv-363-JFD-JTA
                                 )
UNITED STATES OF AMERICA,        )
                                 )
        Respondent.              )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Petitioner Timothy Jerome Russell, an inmate proceeding *pro se*, filed an amended motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Doc. No. 3.) Thereafter, the Government filed a Response (Doc. No. 10) arguing that each of Petitioner's ineffective assistance of counsel claims fail as a matter of law. Thus, on May 12, 2026, the Court entered an Order requiring Petitioner to file a reply to the Government's filings no later than June 2, 2026. (Doc. No. 12.) The Court specifically cautioned Petitioner that his failure to comply would result in dismissal of this case. (*Id*. at 1–2.) Nevertheless, the imposed deadline has passed, and Petitioner has not filed a reply as directed.[1]

A district court "may . . . dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and

---

[1] Furthermore, the Bureau of Prisons ("BOP") website reflects that Petitioner is no longer in BOP custody. *See* https://www.bop.gov/inmateloc/# (last visited on June 10, 2026). Petitioner has not filed a notice of change of address with the Court, and the Court does not have an address at which to further contact Petitioner.

expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up). The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962) (finding this authority "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts"); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion" (citations omitted)).

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

In this instance, Petitioner has neither complied with the Court's Order of May 12, 2026 (Doc. No. 12), despite its express directives and admonition, nor has he filed a notice of change of address, and this case cannot proceed without Petitioner's involvement. Consequently, this action is due to be dismissed without prejudice, and the undersigned concludes that no lesser sanction than dismissal would be effective. Accordingly, based on

the foregoing, the undersigned RECOMMENDS that this case be DISMISSED without prejudice.

It is further ORDERED that, no later than **June 24, 2026**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation. Additionally, such failure waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc), *overruled by Douglass v. United Serv. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute*, Federal Magistrates Act, Pub. L. No. 111-16, 123 Stat. 1608 (codified as amended at 28 U.S.C. § 636(b)(1) (2009)); *accord* 11th Cir. R. 3-1.

DONE this 10th day of June, 2026.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

3